UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAMON R. JOHNSON,<br><br>                      Plaintiff,<br>v.<br><br>NEVADA DEPARTMENT OF CORRECTIONS, et al.,<br><br>                      Defendants. | Case No. 2:21-cv-01450-GMN-EJY<br><br>SCREENING ORDER |

Plaintiff, who was formerly incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and an application to proceed without prepayment of fees or costs. (ECF Nos. 1, 1-1.) Based on the financial information provided, the Court grants Plaintiff's application to proceed without prepayment of fees or costs under 28 U.S.C. § 1915(a)(1).[1] The Court now screens Plaintiff's complaint pursuant to 28 U.S.C. § 1915.

I.   **SCREENING STANDARD**

"[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). This provision applies to all actions filed *in forma pauperis*, whether or not the plaintiff is incarcerated. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. Thus, when reviewing the adequacy of a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii), the court applies the same standard as is applied under Rule 12(b)(6). *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The

---

[1] Plaintiff is not subject to the requirements of 28 U.S.C. § 1915(a)(2), (b) because he is no longer a "prisoner" within the meaning of the statute. See 28 U.S.C. § 1915(h).

standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000).

In reviewing the complaint under this standard, the court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Allegations in *pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (quoting 5 C. Wright & A. Miller, Federal Practice & Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"A *pro se* litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.   SCREENING OF COMPLAINT

In the complaint, Plaintiff sues multiple Defendants for events that took place while he was incarcerated at Southern Desert Correctional Center ("SDCC"). (ECF No. 1-1 at

///

///

1.) Plaintiff sues Defendants NDOC,[2] Moran, Charles Daniels, and Aaron Ford. (*Id.* at 1-3.) Plaintiff brings three counts and seeks monetary and injunctive relief. (*Id.* at 3-10.)

The complaint alleges the following: On June 22, 2020, Plaintiff was transferred to SDCC. (*Id.* at 4.) Upon his arrival, Plaintiff had only the clothes on his back. (*Id.*) Plaintiff asked the officers in his unit and the sergeant of property to bring him fresh clothes after he showered. (*Id.*) Plaintiff went nine days without a change of clothes. (*Id.*) Plaintiff was told that the property sergeant was not in or that she was on vacation. (*Id.*) Staff also told Plaintiff that the laundry was broken. (*Id.*) Staff used COVID-19, as an excuse to disregard Plaintiff's hygiene. (*Id.*)

With temperatures over 90 degrees, Plaintiff needed fresh clothes and underwear. (*Id.*) Plaintiff had to cover himself with a sheet and wash his clothes by hand and then hang them on his bed to dry. (*Id.* at 6.) Plaintiff filed grievances about the issue, but his grievances were denied. (*Id.* at 5.)

Based on these allegations, Plaintiff brings an Eighth Amendment conditions of confinement claim. (*Id.* at 4-6.) The "treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). Conditions of confinement may, consistent with the Constitution, be restrictive and harsh. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). However, "[p]rison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000).

When determining whether the conditions of confinement meet the objective prong of the Eighth Amendment analysis, the court must analyze each condition separately to determine whether that specific condition violates the Eighth Amendment. *See Wright v.*

---

[2] The Court dismisses, with prejudice, all claims against NDOC because NDOC is an arm of the State of Nevada and is not a "person" for purposes of 42 U.S.C. § 1983. *See Doe v. Lawrence Livermore Nat. Lab.*, 131 F.3d 836, 839 (9th Cir. 1997); *Black v. Nevada Dep't of Corr.*, 2:09-cv-2343-PMP-LRL, 2010 WL 2545760, *2 (D. Nev. June 21, 2010). As such, Plaintiff cannot state a § 1983 claim against NDOC, and amendment would be futile.

3

*Rushen*, 642 F.2d 1129, 1133 (9th Cir. 1981). As to the subjective prong of the Eighth Amendment analysis, prisoners must establish prison officials' "deliberate indifference" to the unconstitutional conditions of confinement to establish an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). When considering the conditions of confinement, the court should consider the amount of time to which the prisoner was subjected to the condition. *Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005).

The Court finds that Plaintiff fails to state a colorable conditions of confinement claim. The complaint does not include any allegations about any of the Defendants. It appears from the complaint that Defendant Moran was the property sergeant. Although the complaint briefly mentions Plaintiff asking the property sergeant for a change of clothing, it also states that Plaintiff was consistently told that the property sergeant was either not available or on vacation. As such, it is not clear whether Plaintiff ever actually spoke to Moran directly or Plaintiff spoke to other staff members who indicated that Moran was responsible for handling clothing problems. Thus, it is not clear from the complaint whether Moran even knew about Plaintiff's need for a change of clothing.

Although the complaint is not clear, Plaintiff may be attempting to bring a claim against Moran based on her supervisory role as the property sergeant. It appears that Plaintiff is also attempting to bring claims against Charles Daniels and Aaron Ford based on their roles as supervisors. But a defendant is liable under 42 U.S.C. § 1983 "only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under [§]1983." *Id*.; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (holding that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

///

Plaintiff does not allege that Defendants Moran, Daniels, or Ford either directed staff not to give Plaintiff a change of clothing, or that any of these Defendants knew about the failure to provide Plaintiff a change of clothing and failed to act. As such, the complaint fails to state a colorable claim against any Defendant, and the Court dismisses the complaint without prejudice and with leave to amend.

Furthermore, the Court notes that the allegations in the complaint do rise to the level of a constitutional violation. *See McCrea v. Pfeiffer*, 1:18-CV-00458-LJO, 2018 WL 2441587, at *3 (E.D. Cal. May 31, 2018) (explaining that "nine days without a change of clothes does not suggest an 'extreme deprivation' or a deprivation of life's necessities sufficiently grave to form the basis of an Eighth Amendment claim."); *cf. Jones v. Shinn*, 14-CV-00231-LEK, 2014 WL 3663769, at *5 (D. Haw. July 21, 2014) (explaining that allowing an inmate only 1 change of clothes every five days for three months did not deprive the inmate of the minimal necessities of life and did not support an Eighth Amendment claim). The allegation that Plaintiff did not receive a change of clothing for nine days, without more, is not sufficient to support an Eighth Amendment claim.

### III.  LEAVE TO AMEND

If Plaintiff chooses to file an amended complaint, he is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Moreover, Plaintiff should file the amended complaint on this Court's approved prisoner civil rights form, and it must be entitled "First Amended Complaint."

///

The Court notes that if Plaintiff chooses to file an amended complaint curing the deficiencies, as outlined in this order, Plaintiff will file the amended complaint within 30 days from the date of entry of this order. If Plaintiff chooses not to file an amended complaint curing the stated deficiencies, this action will be dismissed with prejudice for failure to state a claim.

## IV.     CONCLUSION

For the foregoing reasons, it is ordered that Plaintiff's application to proceed in district court without prepaying fees or costs (ECF No. 1) is granted. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor.

It is further ordered that the Clerk of the Court file Plaintiff's complaint (ECF No. 1-1) and send Plaintiff a courtesy copy of the complaint.

It is further ordered that Plaintiff's Eighth Amendment conditions of confinement claim is dismissed without prejudice and with leave to amend.

It is further ordered that Defendant Nevada Department of Corrections is dismissed from the entirety of this case with prejudice, as amendment would be futile.

It is further ordered that Defendants Moran, Charles Daniels, and Aaron Ford are dismissed from the entirety of this case without prejudice.

It is further ordered that, if Plaintiff chooses to file an amended complaint curing the deficiencies of his complaint, as outlined in this order, Plaintiff will file the amended complaint within 30 days from the date of entry of this order.

It is further ordered that the Clerk of the Court will send to Plaintiff the approved form for filing a § 1983 complaint and instructions for the same. If Plaintiff chooses to file an amended complaint, he should use the approved form and he will write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

It is further ordered that, if Plaintiff chooses to file an amended complaint, the Court will screen the amended complaint in a separate screening order. The screening process will take several months.

It is further ordered that, if Plaintiff chooses not to file an amended complaint curing the stated deficiencies of the complaint, this action will be dismissed with prejudice for failure to state a claim.

DATED THIS __1__ day of December 2021.

Gloria M. Navarro, Judge
United States District Court