1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DAMON R. JOHNSON,

Plaintiff,

v.

NEVADA DEPARTMENT OF CORRECTIONS, *et al.*,

Defendants.

Case No. 2:21-cv-01450-GMN-EJY

ORDER

10    Plaintiff Damon R. Johnson brings this civil-rights action under 42 U.S.C. § 1983

11   to redress constitutional violations that he claims he suffered while incarcerated at

12   Southern Desert Correctional Center. (ECF No. 1-1).  On December 1, 2021, this Court

13   ordered Johnson to file an amended complaint within 30 days. (ECF No. 3).  The Court

14   warned Johnson that the action could be dismissed if he failed to file an amended

15   complaint by that deadline. (*Id.* at 7).  That deadline expired and Johnson did not file an

16   amended complaint, move for an extension, or otherwise respond.

17   **I.    DISCUSSION**

18    District courts have the inherent power to control their dockets and "[i]n the

19   exercise of that power, they may impose sanctions including, where appropriate . . .

20   dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831

21   (9th Cir. 1986).  A court may dismiss an action based on a party's failure to obey a court

22   order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir.

23   1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to

24   keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th

25   Cir. 1987) (dismissal for failure to comply with court order).  In determining whether to

26   dismiss an action on one of these grounds, the Court must consider: (1) the public's

27   interest in expeditious resolution of litigation; (2) the Court's need to manage its docket;

28   (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

1    cases on their merits; and (5) the availability of less drastic alternatives. *See In re*

2    *Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting

3    *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

4         The first two factors, the public's interest in expeditiously resolving this litigation

5    and the Court's interest in managing its docket, weigh in favor of dismissal of Johnson's

6    claims.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal

7    because a presumption of injury arises from the occurrence of unreasonable delay in filing

8    a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542

9    F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of

10   cases on their merits—is greatly outweighed by the factors favoring dismissal.

11        The fifth factor requires the Court to consider whether less drastic alternatives can

12   be used to correct the party's failure that brought about the Court's need to consider

13   dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining

14   that considering less drastic alternatives *before* the party has disobeyed a court order

15   does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th

16   Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that

17   "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's

18   order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled

19   with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*).

20   Courts "need not exhaust every sanction short of dismissal before finally dismissing a

21   case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779

22   F.2d 1421, 1424 (9th Cir. 1986).

23        Because this action cannot realistically proceed until and unless Johnson files an

24   amended complaint, the only alternative is to enter a second order setting another

25   deadline.  But the reality of repeating an ignored order is that it often only delays the

26   inevitable and squanders the Court's finite resources.  The circumstances here do not

27   indicate that this case will be an exception:  there is no hint that Johnson needs additional

28   time or evidence that he did not receive the Court's screening order.  Setting another

1  deadline is not a meaningful alternative given these circumstances.  So the fifth factor

2  favors dismissal.

3  **II.    CONCLUSION**

4        Having thoroughly considered these dismissal factors, the Court finds that they

5  weigh in favor of dismissal. It is therefore ordered that this action is dismissed without

6  prejudice based on Johnson's failure to file an amended complaint in compliance with this

7  Court's December 1, 2021, order and for failure to state a claim. The Clerk of Court is

8  directed to enter judgment accordingly and close this case.  No other documents may be

9  filed in this now-closed case.  If Johnson wishes to pursue his claims, he must file a

10  complaint in a new case.

12        DATED THIS  14  day of February 2022.

Gloria M. Navarro, Judge
United States District Court